**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLEN BERNARD SHAY, | No. 17-55918 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:15-cv-04607-CAS-RAO |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted January 10, 2019
Pasadena, California

Before: TASHIMA and WATFORD, Circuit Judges, and ROBRENO,[**] District
Judge.

Allen Shay appeals the District Court's grant of summary judgment in favor

of the County of Los Angeles, Los Angeles County Sheriff's Department, and

Deputy Christopher Derry. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Shay alleges that Derry obtained a warrant for his arrest that was not supported by probable cause and was obtained through judicial deception in violation of the Fourth Amendment and 42 U.S.C. § 1983. The warrant was based on Shay's activities associated with fraudulent loan applications submitted by Eddie Turner, Shay's client and friend. Based on these alleged violations, Shay also asserts that the Defendants falsely imprisoned him and violated the Tom Bane Civil Rights Act, California Civil Code § 52.1. Shay further alleges that Derry violated his Fourth Amendment rights by defaming him in a press statement regarding his arrest. Finally, Shay contends that pursuant to the Defendants' practice of moving to deny bail until a hearing can be convened in all felony fraud cases, and Derry's false statements made pursuant to this practice, Shay spent eleven days in jail in violation of his Eighth and Fourteenth Amendment rights.

The warrant for Shay's arrest was supported by probable cause. The District Court listed a myriad of reasons bolstering this conclusion. *Shay v. Cnty. of Los Angeles*, No. 15-cv-4607, 2017 WL 4679268, at \*7-8 (C.D. Cal. June 5, 2017). Shay did not seriously contest any of the stated reasons except Derry's conclusion that Shay worked in concert with Turner and made materially false and misleading representations. *Id.* at \*8.

Having reviewed the record *de novo*,[1] viewing the facts in the light most favorable to Shay,[2] disregarding Derry's conclusory statement in the warrant application that Shay acted in concert with Turner and made false and misleading representations, and considering Derry's alleged omissions from the warrant application,[3] we conclude that, separate from Turner, the record contains "reasonably trustworthy information sufficient to warrant a prudent person in believing that [Shay] had committed or was committing an offense." *United States v. Delgadillo-Velasquez*, 856 F.2d 1292, 1296 (9th Cir. 1988). As a result, no rational factfinder could conclude that the neutral judge who issued the warrant did not have a "substantial basis" to find that: (1) Turner had committed fraud; (2) Shay had acted as Turner's real estate broker; and (3) given the actions Shay took in facilitating the fraudulent loan applications, Shay participated in the fraud. *See United States v. Castillo*, 866 F.2d 1071, 1076 (9th Cir. 1988).

---

[1]    *See San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014).

[2]    *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[3]    *See Hervey v. Estes*, 65 F.3d 784, 788-89 (9th Cir. 1995) (providing that to maintain a judicial deception claim, the plaintiff must make a substantial showing of a deliberate falsehood or reckless disregard for the truth and establish that, without the dishonestly included or omitted information, the magistrate would not have issued the warrant). Here, the warrant contains probable cause even without the alleged falsehoods and with the alleged omissions.

Because probable cause existed for the arrest warrant and Derry did not make any material misstatements or omissions in the warrant application, no constitutional violation occurred in connection with the arrest. Therefore, the District Court properly granted summary judgment in the Defendants' favor on: (1) Shay's Fourth Amendment claims regarding the arrest, judicial deception claim, and defamation-plus claim; (2) Shay's Bane Act claim;[4] and (3) Shay's false imprisonment claim.[5]

However, genuine disputes over material facts preclude summary judgment on Shay's Eighth and Fourteenth Amendment claims concerning the allegedly false declaration Derry submitted in support of a "1275 hold motion"[6] which led to Shay being incarcerated without access to bail.

---

[4]  The statute requires a violation of a statutory or constitutional right, which, in this case, Shay alleges are his Fourth Amendment rights. *See* Cal. Civ. Code § 52.1(b). In that Shay's Fourth Amendment rights were not violated, he cannot maintain a Bane Act claim.

[5]  Under California law, false imprisonment requires confinement "without lawful privilege." *Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1205 (9th Cir. 2003). Because there was probable cause to arrest Shay, Derry had the lawful privilege to detain him. Derry is also immune to this claim under California Civil Code § 43.55 and California Penal Code § 847 because he lawfully arrested Derry pursuant to a warrant containing probable cause and there is insufficient evidence that Derry acted with malice in doing so.

[6]  A 1275 hold motion is an *ex parte* motion requesting that no bail funds be accepted on the defendant's behalf until a hearing is held to determine whether any of the bail funds were obtained feloniously. *See* Cal. Penal Code § 1275.1.

In order to hold Shay without bail, Derry submitted a declaration with the 1275 motion providing: "[a]fter a review of the facts in this matter, I believe that the defendant has had access to significant amounts of monies feloniously obtained from theft." However, Derry was aware that any allegedly feloniously obtained funds received by Shay were relatively small (around $50,000) and obtained seven years previously. Derry performed no additional investigation into the likelihood that Shay possessed such funds at the present time. Instead, Derry testified that he signed the declaration because it was a countywide "standard practice to request a bail hearing in felony theft cases," regardless of the circumstances. Derry was required under California law to set forth probable cause that the bail money was feloniously obtained. Cal. Penal Code § 1275.1(b)(1). We conclude that under these circumstances, a reasonable jury could find that Derry failed to follow this law and submitted the declaration and deprived Shay of bail with deliberate indifference to or reckless disregard for Shay's rights. *See Tatum v. Moody*, 768 F.3d 806, 820-21 (9th Cir. 2014).

We further conclude that summary judgment is inappropriate regarding Shay's associated municipal liability claim under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Shay contends, inter alia: (1) that Derry, with deliberate indifference, deprived him of his Eighth and Fourteenth Amendment rights by submitting the declaration in support of the 1275

motion; and (2) that the moving force behind this deprivation was the countywide long-standing practice of filing boilerplate 1275 motions in all felony fraud cases. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Having found factual issues regarding the prerequisite constitutional violation, we further conclude that Derry's testimony about the countywide practice generates a genuine dispute of material fact concerning the existence of a long-standing municipal practice that drove the alleged constitutional violations.

Because no reasonable factfinder could conclude that the arrest warrant lacked probable cause or contained material misstatements or omissions, we affirm the District Court's grant of summary judgment in favor of the Defendants on Shay's Fourth Amendment claims, Bane Act claim, and false imprisonment claim. However, we reverse the District Court's grant of summary judgment regarding Shay's Eighth and Fourteenth Amendment claims associated with Derry's submission of the declaration in support of the 1275 motion and Shay's subsequent incarceration for eleven days without bail or the legitimate consideration of bail. We remand for further proceedings consistent with this decision. The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

6